UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>21-20495-CR- WILLIAMS</u>

UNITED STATES OF AMERICA

v.

MICHAEL J. VAN NOSTRAND,

        Defendant.

_____/

## PLEA AGREEMENT

The United States of America and MICHAEL J. VAN NOSTRAND, (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the single Count of the Information filed against him, which count charges the defendant willfully and knowingly, with the intent to further the objects of the conspiracy, combined, conspired, confederated, and agreed with others known and unknown to the United States Attorney's Office, to commit offenses against the United States, that is, to knowingly export wildlife, specifically various species of wild-caught turtles, knowing that said wildlife, were taken, possessed, transported and sold in violation of the laws and regulations of the United States, that is, Title 16, United States Code, Sections 3372(a)(1), 3372(d), 3373(d)(1)(A) and (B), and Title 18, United States Code, Section 554, all in violation of Title 18, United States Code, Section 371.

2. In consideration therefor, the United States agrees that it will not bring additional

1

charges against the defendant for wildlife trafficking and related offenses, based on conduct known to the United States at the time of execution of this agreement.

3. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to five (5) years imprisonment as to the Count of conviction, and such period may be followed by a term of supervised release of up to 3 years on the charge to which he is pleading guilty. In addition to terms of imprisonment and supervised release, the court may also impose a fine of up to $250,000, or the greater of twice the gain or loss

arising under the relevant conduct, and may enter an order of restitution to any identifiable victim of the criminal offense.

5. The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant with respect to the count to which he is pleading guilty. The defendant agrees that the special assessment imposed shall be paid at the time of sentencing.

6. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the proper initial calculation of the Sentencing Guideline in this case:

a. <u>Base Offense Level</u>: Pursuant to Section 2Q2.1(a) of the Sentencing Guidelines, the base offense level in this matter is Level 6.

b. <u>Specific Offense Characteristics</u>:

(1) Pursuant to Section 2Q2.1(b)(1) of the Sentencing Guidelines, the base offense level in this matter should be increased by +2 levels since the offense was committed for pecuniary gain and involved a commercial purpose.

(2) Pursuant to Section 2Q2.1(b)(3) and Section 2B1.1(F) of the Sentencing Guidelines, since the readily provable market value of the wildlife is greater than $150,000 but less than $250,000, the base offense level in this matter should be increased by +10 levels.

c. <u>Chapter Three, Part B Adjustment</u>: Pursuant to Section 3B1.1(b) of the Sentencing Guidelines, defendant should receive an aggravating role enhancement of +3 levels because he was a manager or supervisor, and the criminal activity was otherwise extensive.

d. <u>Criminal History Category</u>: The parties recognize that the Criminal History Category of the Defendant has not yet been determined, and reserve the right to present their respective positions regarding that issue with the Probation Office, and with the Court at the time of sentencing

e. <u>Guideline range</u>: That, subject to the reservation *supra*, the preliminary applicable guideline range for the Count 1 offense committed by the Defendant is Level 21.

7. The Office of the United States Attorney for the Southern District of Florida

(hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon Guidelines recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The United States agrees that it will recommend at sentencing that the court reduce the sentencing guideline level applicable to the defendant's offense pursuant to Sections 3E1.1(a) and (b) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility resulting in a reduction of the final total Adjusted Offense Level to 18. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the

recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. This is the entire agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 11/3/21          By: _____
                            Thomas A. Watts-FitzGerald
                            Assistant United States Attorney

Date: 11/3/21          By: _____
                            JEFFREY MARCUS, ESQ.
                            ATTORNEY FOR DEFENDANT

Date: 11/3/21          By: _____
                            MICHAEL J. VAN NOSTRAND
                            DEFENDANT

5